UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| NICOLE N. BRADLEY ) | Case No. 05-13523-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION**

A hearing was held in open court on April 5, 2006, on the motion of Robert O. Tyler, chapter 7 trustee, for an order approving the sale of real property free and clear of the ownership claims of D. Scott Heineman and Kurt F. Johnson, as trustees of the Bradley Family Trust. Although no response was filed by Messrs. Heineman and Johnson, the court, after expressing doubt that § 363(f), Bankruptcy Code, could be used to sell property free and clear of a recorded conveyance, ruled that the motion would be denied without prejudice to the trustee's pending adversary proceeding to avoid the conveyance. Upon further reflection, however, the court concludes that the relief requested can and should be granted.

Background

Nicole N. Bradley ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on September 13, 2005. Robert O. Tyler was appointed as trustee. Among the assets listed on her schedules was a house located at 1428 Hollywell Avenue, Chambersburg, Pennsylvania.[1] The house was valued on the schedules

---

[1] The statement of financial affairs reflects that the debtor lived in the property from May 2002 until August 2004, when she moved to Virginia.

at $80,000, subject to first and second mortgages in favor of Chevy Chase Bank in the total amount of $79,762.

On October 5, 2005, Chevy Chase Bank, FSB, filed a motion for relief from the automatic stay in order to foreclose on the first mortgage. The motion represented that the total amount due on the two mortgages was $84,336. The motion was resolved by a consent order entered on November 18, 2006, terminating the stay, with Chevy Chase agreeing to forebear if the trustee obtained a contract of sale by February 2, 2006, for a price sufficient to pay its deed of trust and closing by March 17, 2006. The trustee marketed the property, and on February 22, 2006, an order was entered on the trustee's motion approving a sale of the property to Donald H. Walters and Benjamin D. Walters for $93,710.00. Subsequent to the order approving the sale, the trustee learned of a cloud on the title in the form of a recorded quitclaim deed dated July 16, 2004, from the debtor to D. Scott Heineman and Kurt F. Johnson, Trustees of the Bradley Family Trust. The trustee then filed the motion that is presently before the court to approve the sale free and clear of the interests of the trust. The day prior to the hearing, he also commenced an adversary proceeding against Messrs. Heineman and Johnson to avoid the quit claim deed and recover the property.[2]

As described in considerable detail both in the present motion and in the adversary complaint, the quit claim deed was part of a larger fraudulent scheme by which Messrs. Heineman and Johnson—who are currently incarcerated awaiting trial on Federal charges—promised to help homeowners remove mortgages from their property. The property would be deeded to them, and they would then serve a notice on the mortgage

---

[2] Tyler v. Bradley Family Trust (In re Bradley), A.P. No. 06-1097 (Bankr. E.D. Va.).

holder that unless the mortgage company provided proof within ten days that the mortgage was valid, such failure would be deemed a tacit consent to the appointment of Heineman as the mortgage company's attorney-in-fact to execute a release of the mortgage. That, according to the motion, is exactly what happened here. Mr. Heineman, purporting to act as Chevy Chase's attorney-in-fact, executed and recorded releases of both mortgages. (After Chevy Chase became aware of this, it filed documents asserting the vitality of the mortgages.) Had the scheme continued, Messrs. Heineman and Johnson would apparently have arranged for a home equity loan—out of which they would receive a significant payment—secured by the property.

Discussion

Property of a bankruptcy estate includes all legal and equitable interests of the debtor in property as of the filing date of the bankruptcy petition. § 541(a)(1), Bankruptcy Code. It also includes any interest in property that the trustee recovers under his statutory avoiding powers. § 541(a)(3), Bankruptcy Code. The trustee, with court approval, may sell property of the bankruptcy estate outside the ordinary course of business. § 363(b), Bankruptcy Code. Under certain circumstances, such sale may be free and clear of any "interest" in such property. § 363(f), Bankruptcy Code. One of those is if the interest "is in bona fide dispute." § 363(f)(4). While the actual extinguishment of a disputed interest in real property can only be accomplished by an adversary proceeding, Fed. R. Bankr. P. 7001, a sale free and clear may be accomplished by motion. Fed. R. Bankr. P. 6004(c). A motion to sell free and clear must be served on the parties who have liens or other interests in the property. *Id.* A sale free and clear does not extinguish claims, and normally the liens and interests will

attach to the proceeds of sale unless the court provides some other form of adequate protection.

The concern the court had at the hearing was whether a sale free and clear could be decreed when record title was not vested in the debtor, and when there had not yet been a decree recovering the property and vesting title in the trustee.  The court remains skeptical that such relief would be proper where the conveyance was absolute on its face and the debtor was not in possession of the property.  Under the unique circumstances of the present case, however, the court believes that it has the power under § 105(a), Bankruptcy Code,[3] to decree a sale in order to preserve the value of the property.  As noted, an order has already been entered terminating the automatic stay.  If the trustee is unable to go to settlement, Chevy Chase will be free to foreclose.  Since foreclosure sales often bring less than an arm's-length negotiated sale, the equity in the property could well be lost before a judgment is entered in the adversary proceeding.  There is another circumstance present in this case.  Under the deed, Messrs. Heineman and Johnson do not purport to hold title for their own benefit but for the "Bradley Family Trust."  The deed does not say who the beneficiaries of the "Bradley Family Trust" are, but "Bradley" is the debtor's last name.  It seems a reasonable assumption, therefore, that the deed was not intended to divest the debtor of her beneficial interest in the property but merely as a grant of agency to deal with the mortgages.  If so, the beneficiary of the trust, if there was indeed a trust, would have been the debtor

---

[3] Section 105(a), Bankruptcy Code, provides in relevant part, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

4

herself, and since the trustee succeeds to the debtor's rights, any benefit of the trust likewise passes to her.

There remains a minor matter of the chain of title. Since at this point record title is not in the debtor, a deed from the trustee solely in his capacity as trustee of the debtor's bankruptcy estate would leave a break in the chain of title. The court determines, however, that it has authority under § 105(a), Bankruptcy Code, to appoint the trustee as special commissioner of sale to execute a deed on behalf, not only of the bankruptcy estate, but also Messrs. Heineman and Johnson. The court will of course require that the net proceeds of sale, after payment of the Chevy Chase mortgages and other proper closing costs, be held in escrow pending a final judgment in the adversary proceeding.

A separate order will be entered consistent with this opinion.

Date: _____        _____
                                          Stephen S. Mitchell
Alexandria, Virginia                      United States Bankruptcy Judge

Copies to:

Robert O. Tyler, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee

D. Scott Heineman, #12152081
FCI Dublin
5701 8th Street - Camp Parks
Dublin, CA   94568

Kurt F. Johnson, #13177081
FCI Dublin
5701 8th Street - Camp Parks
Dublin, CA   94568

Thomas T. Andrews, Jr., Esquire
Tommy Andrews, Jr., P.C.
122 N. Alfred Street
Alexandria, VA  22314
Counsel for the debtor